IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40299
Summary Calendar
_____


JOHN HAYES,

Plaintiff-Appellant,

versus

PETROLEUM HELICOPTERS, INC.

Defendant-Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-62
--------------------
September 4, 2002
Before EMILIO M. GARZA, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John Hayes ("Hayes") appeals from the district court's order of dismissal which denied his motion to reopen the case, denied his motion for leave to file an amended complaint, and dismissed his claims for failure to state a case upon which relief can be granted. For the following reasons, we affirm the order of dismissal.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In February 2000, Hayes brought suit against Petroleum Helicopters, Inc. ("PHI") alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311(a), and the Texas Government Code. In addition, Hayes asserted a claim for intentional infliction of emotional distress.

Hayes claims that PHI terminated him from his job at PHI because he was called up to military duty to serve in Bosnia in January 2000. However, the undisputed evidence before the district court demonstrated that the controversy involving the alleged termination had been resolved because PHI reemployed Hayes after he returned from military duty. Hayes's counsel conceded during a status conference that Hayes suffered no loss in pay or benefits as a result of the alleged termination.[1] Therefore, Hayes's claims were properly dismissed by the district court as moot. *See Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1152 (5th Cir. 1993)("A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation.").

Hayes also contends that he is entitled to attorney's fees under USERRA. He claims that the filing of this lawsuit led PHI to

---

[1] Appellant's counsel argued below that Hayes's 401k account was improperly closed after his alleged termination. However, PHI retroactively reinstated the 401k plan. As such, there is no dispute concerning the restoration of benefits.

give him his job back and thus he "prevailed" in the lawsuit. USERRA does permit a trial court to award "reasonable attorney fees" and "other litigation expenses" to a "person who prevails" in a USERRA action. *See* 38 U.S.C. § 4323(h)(2). However, the Supreme Court has determined that the term "prevailing party" as set forth under the numerous federal statutes which allow courts to award attorney's fees and costs to the "prevailing party" does not encompass a plaintiff who achieves his desired result because he files a lawsuit which brings about a voluntary change in the defendant's conduct. *See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 600 (2001). To qualify as a "prevailing party," the plaintiff must secure either a judgment on the merits or a court-ordered consent decree. *Id.*

The USERRA statutory language refers to a "person who prevails" as opposed to a "prevailing party." Nevertheless, we conclude that this slight variance does not take the USERRA statutory language outside the rule set forth in *Buckhannon.* Accordingly, *Buckhannon* governs our decision and Hayes's "catalyst theory" argument fails.

The district court's order dismissing the case is AFFIRMED in all respects.

3